UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| BRANDY BARRERAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HORIZON MONTESSORI PUBLIC ) <br> SCHOOLS and SOUTH TEXAS ) <br> EDUCATIONAL TECHNOLOGIES, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> JURY DEMAND |

## PLAINTIFF'S COMPLAINT

1. Plaintiff Brandy Barreras (hereinafter "Plaintiff" or "Ms. Barreras") brings this lawsuit against Defendants Horizon Montessori Public Schools and South Texas Educational Technologies, Inc. seeking damages and declaratory relief for violations of federal and state law. In support of her claims, Plaintiff would show the following:

## NATURE OF ACTION

2. Ms. Barreras is a former employee of Defendants. She was terminated from her employment on June 1, 2018 for taking leave from work to care for her son, who is a person with a disability, and for filing a complaint with the Texas Education Agency (TEA) regarding the special education services her son received at Defendants' schools.

3. Ms. Barreras's claims arise under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter "FMLA"), Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* (hereinafter "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §

794 (hereinafter "Section 504"), and Chapter 21 of the Texas Labor Code (hereinafter "Chapter 21").

4. She seeks back pay, lost benefits, liquidated damages, actual and compensatory damages, reinstatement or front pay in lieu of reinstatement, punitive damages, interest, and fees, including reasonable attorney's fees, expenses, and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims under the FMLA, ADA, and Section 504 pursuant to 28 U.S.C. § 1331 (Federal Question).

6. This Court has supplemental jurisdiction over Plaintiff's claims under Chapter 21 pursuant to 28 U.S.C. § 1367(a).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202.

## PARTIES

8. Brandy Barreras is a resident of Hidalgo County, Texas. She is a single mother of two children.

9. Defendant South Texas Educational Technologies, Inc. (hereinafter "STET") is a non-profit corporation registered in the state of Texas. STET conducts business under the name of Horizon Montessori Public Schools. STET operates three school campuses and a central office in Hidalgo County, Texas.

10. Defendant Horizon Montessori Public Schools (hereinafter "Horizon Montessori") operates three school campuses and a central office in Hidalgo County jointly with STET.

11. At all times relevant to this action, Horizon Montessori and STET operated as a single enterprise or joint employers of Plaintiff.

## STATEMENT OF FACTS

12.   Ms. Barreras was employed by Defendants at their McAllen campus from approximately March 2017 until her employment was terminated on June 1, 2018.

13.   She was employed by Defendants as a Teacher Aide for Special Education.

14.   Ms. Barreras's son is a person with a disability as that term is defined in Section 504, 29 U.S.C. §§ 705(9)(B) and (20)(B), the ADA, 42 U.S.C. § 12102(1), and Tex. Lab. Code § 21.002(6).

15.   Ms. Barreras's son has a serious health condition as that term is defined under the FMLA, 29 U.S.C. §2611(11).

16.   Ms. Barreras's son enrolled as a student at Defendants' McAllen campus in approximately August 2017.

17.   At all times relevant to this action, Plaintiff's son received special education services from Defendants related to his disability and serious health condition.

18.   Defendants were aware that Ms. Barreras's son was a person with a disability and were aware of the nature of the disability because her son received special education services for this disability from Defendants.

19.   For the same reasons, Defendants were aware that Ms. Barreras's son had a serious health condition and were aware of the nature of the serious health condition.

20.   During the 2017-2018 school year, Ms. Barreras was absent from work on various occasions, primarily to care for her children.

21.   Some of Ms. Barreras's absences were directly related to treatment of her son's disability and serious health condition.

22.   Defendants were aware that Ms. Barreras's absences were related to her son's disability.

23. Ms. Barreras regularly provided Defendants with doctor's notes and explanations of the reason for her time out from work.

24. She completed absence forms provided by Defendants. These absence forms were signed by Plaintiff's managers without additional comment on the form.

25. Defendants failed to provide individualized notice to Ms. Barreras of her rights to avail herself of protections under the FMLA.

26. In approximately March 2018, Ms. Barreras began communicating with Defendants' employees regarding her concerns that her son was not receiving appropriate special education services in his science classroom. From approximately March to May 2018, she engaged in a series of discussions and meetings with Defendants' employees in which she reported the deficiencies in her son's special education services and attempted to obtain a correction from Defendants.

27. After these efforts failed, Ms. Barreras filed a Special Education Complaint on May 21, 2018 with the TEA in regard to the services her son was receiving as a student at Defendants' schools. The Special Education Complaint alleged that Defendants did not implement her son's individualized education plan (IEP).

28. She hand-delivered the Special Education Complaint to the principal of Defendants' McAllen campus, Miguel Castillo, on May 21, 2018.

29. On May 28, 2018, Ms. Barreras attended a meeting with Horizon Montessori and STET Superintendent Alim Ansari and Dean of Instruction Lauren Arce to discuss the Special Education Complaint.

30.     Later that same day, Ms. Barreras met with Miguel Castillo and Instructional Officer Emmy Diaz to review her end-of-school-year evaluation (hereinafter "evaluation"). *See* Exhibit 1, 2017-2018 Para Professional Performance Appraisal.

31.     The evaluation is scored "Satisfactory" and states that Ms. Barreras is a "highly qualified person who knows and understands the area of special education," "very punctual in following the daily schedule of when and where to pull out and work with the students" and "firm with the students but also very respectful to them."

32.     The evaluation also states that Ms. Barreras "needs to be able to schedule appointments after school for her son as they sometimes interfer [sic] with her work."

33.     "Do not recommend for re-employment" is checked on the form.

34.     The evaluation states that Ms. Barreras has had 18.5 absences up to May 15, 2018.

35.     The evaluation includes references to absences Ms. Barreras took to care for the serious health condition and disability of her son.

36.     Ms. Barreras received a notice dated June 1, 2018 that Defendants would not renew her employment for the 2018-2019 school year.

37.     On July 9, 2018, TEA issued an Investigative Report of Ms. Barreras's Special Education Complaint and found that Defendants did not implement her son's IEP and that Defendants needed to provide compensatory services to make up for the reduced educational benefit caused by Defendants' noncompliance.

38.     Defendants' termination of Ms. Barreras's employment was an act of intentional discrimination, retaliation, and interference with her rights protected by law.

39.     Defendants acted with malice or with reckless indifference to the federal and state protected rights of Ms. Barreras.

40. Defendants' actions were and are the direct and proximate causes of Ms. Barreras's damages in this case.

41. As a result, Ms. Barreras is entitled to an order making her whole, including an order awarding her back pay, lost benefits, liquidated damages, actual and compensatory damages, reinstatement or front pay in lieu of reinstatement, punitive damages, interest, and fees, including reasonable attorney's fees, expenses, and costs.

## PROCEDURAL REQUISITES

42. Plaintiff has complied with all conditions precedent to this lawsuit and has exhausted all required administrative remedies. This suit is filed more than 180 days after the filing of Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division (TWCCRD), less than 90 days after Plaintiff received the notice of her right to file a civil action from the EEOC, and less than two years from the date she filed her charge with the TWCCRD.

## FIRST CAUSE OF ACTION – SECTION 504 OF THE REHABILITATION ACT

43. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-42 above.

44. From 2017 to the present, Defendants have been recipients of federal financial assistance and are therefore subject to the requirements of Section 504, 29 U.S.C. § 794(a).

45. Plaintiff's son is an individual with a disability within the meaning of Section 504 and of 29 U.S.C. §§ 705(9)(B) and (20)(B). Plaintiff's son has a physical and mental impairment that substantially limits major life activities, including, but not limited to, his ability to concentrate, think, interact with others, and engage in other major life activities, has a record of having such an impairment, and was regarded as having such an impairment.

46.     Defendants violated Section 504, 29 U.S.C. § 794(a), by terminating Plaintiff's employment in retaliation for Plaintiff's opposition to and reporting of Defendants' provision of inadequate special education services to a disabled individual, thereby denying him the benefits of a program or activity receiving federal financial assistance, and for Plaintiff's filing of a complaint with TEA regarding these inadequate services.

## SECOND CAUSE OF ACTION - FMLA

47.     Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-46 above.

48.     Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611 of the FMLA because she worked for Defendants for at least 12 months and for at least 1250 hours of service during the previous 12-month period before she took or requested FMLA leave and at the time that her employment was terminated.

49.     Plaintiff's son has a serious health condition as that term is defined under the FMLA, 29 U.S.C. § 2611(11).

50.     Defendants are employers within the meaning of § 2611(4) of the FMLA in that Defendants employ and have employed 50 or more employees within 75 miles of Plaintiff's worksite for each working day during each of 20 or more calendar work weeks during the applicable time period, and are engaged in commerce or in an industry or activity affecting commerce.

51.     Defendants interfered with Plaintiff's rights protected under the FMLA and retaliated against her, in violation of 29 U.S.C. § 2619(a)(1)(C) and 29 U.S.C. § 2615(a), by terminating her employment in retaliation for Plaintiff requesting and taking leave to care for her son and because Defendants anticipated Plaintiff would continue to request leave to care for her son.

## THIRD CAUSE OF ACTION – TITLE I OF THE ADA

52. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-51 above.

53. Plaintiff's son is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1). Plaintiff's son has a physical and mental impairment that substantially limits major life activities, including, but not limited to, his ability to concentrate, think, interact with others, and engage in other major life activities, has a record of having such an impairment, and was regarded as having such an impairment.

54. Defendants are covered entities under the ADA, 42 U.S.C. § 12111(2), in that Defendants had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and are engaged in an industry affecting commerce.

55. At all times relevant to this complaint, Plaintiff was Defendants' "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4).

56. Defendants violated Title I of the ADA by terminating Plaintiff's employment on the basis of her association with her son, an individual with a disability, in violation of § 12112 of the ADA.

57. Defendants also violated 42 U.S.C § 12112 and 42 U.S.C. § 12203 by retaliating against Plaintiff and interfering with her rights protected by law when they terminated her employment on the basis of her association with her son and in retaliation for Plaintiff's opposition to and reporting of Defendants' provision of inadequate special education services to a disabled individual, and for Plaintiff's filing of a complaint with the TEA regarding these inadequate services.

**FOURTH CAUSE OF ACTION – CHAPTER 21 OF THE TEXAS LABOR CODE**

58. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-57 above.

59. Plaintiff's son is an individual with a disability as defined by the Texas Labor Code § 21.002(6). Plaintiff's son has a physical and mental impairment that substantially limits major life activities, including, but not limited to, his ability to concentrate, think, interact with others, and engage in other major life activities, has a record of having such an impairment, and was regarded as having such an impairment.

60. At all times relevant to this complaint, Plaintiff was Defendants' "employee" within the meaning of Texas Labor Code § 21.002(7).

61. Defendants employed Plaintiff until June 1, 2018, and have been from 2017 to the present an "employer" within the meaning of the Texas Labor Code § 21.002(8) in that Defendants were engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

62. Defendants violated Chapter 21 by terminating Plaintiff's employment because of her association with her son, an individual with a disability, in violation of Texas Labor Code § 21.051.

63. Defendants also violated Texas Labor Code § 21.055 by retaliating against Plaintiff and interfering with her rights protected by law when they terminated her employment in retaliation for Plaintiff's opposition to and reporting of Defendants' provision of inadequate special education services to a disabled individual, and for Plaintiff's filing of a complaint with the TEA regarding these inadequate services.

## ATTORNEY'S FEES

64. It was necessary for Plaintiff to secure the services of counsel, Texas RioGrande Legal Aid, Inc., to preserve and prosecute this lawsuit. Defendants should be ordered to pay reasonable attorney's fees, expenses including litigation expenses, and costs associated with prosecuting this suit and appeals to any other court in accordance with 29 U.S.C. § 2617(a)(3), 29 U.S.C. § 794a, 42 U.S.C. § 2000e-5, and Texas Labor Code § 21.259.

## JURY DEMAND

65. Plaintiff requests trial by jury on all issues so triable.

## PRAYER AND SUMMARY OF RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

    a. Award Plaintiff back pay and damages for lost wages, employment benefits, and other compensation lost from the date of termination;

    b. Award Plaintiff liquidated damages equal to the amount of Plaintiff's lost wages, employment benefits, and other compensation lost from the date of termination;

    c. Order Defendants to reinstate Plaintiff to her position of employment with Defendants at a pay rate commensurate with her continued employment from the date of termination to the date of such reinstatement; or award Plaintiff front pay in lieu of reinstatement;

    d. Award Plaintiff compensatory damages for her past and future pecuniary and non-pecuniary losses;

    e. Award Plaintiff punitive damages for Defendants' acts of intentional discrimination and retaliation;

f.  Award Plaintiff pre- and post-judgment interest, as provided by law;

g.  Award Plaintiff her reasonable attorney's fees, costs, and expert witness fees; and

h.  Grant Plaintiff such other and further relief as may be authorized by law and deemed appropriate by this Court.

Respectfully submitted,

*/s/ Nicole Bucheri*_____
Nicole Bucheri
State Bar No.: 24095388
S. Dist. N.:  2998398
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren St.
Brownsville, Texas 78520
(956) 982-5540
(956) 541-1410/FAX
Lead Attorney for Plaintiff

Doug Stevick
State Bar No.:  00797498
S. Dist. N.: 21358
TEXAS RIOGRANDE LEGAL AID, INC.
5439 Lindenwood Ave.
Saint Louis, Missouri 63109
(314) 449-5161
(956) 541-1410/FAX
Co-Counsel for Plaintiff